UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

ANTHONY W. MOTT,

                             Plaintiff,

                                                                                 Case # 20-CV-6809-FPG

v.

                                                                                  DECISION AND ORDER

COUNTY OF MONROE, et al.,

                             Defendants.
───────────────────────────────

## INTRODUCTION

On June 5, 2020, Plaintiff Anthony W. Mott filed this action in state court pursuant to 42 U.S.C. § 1983 and state law against the County of Monroe, Monroe County Sheriff Todd K. Baxter, Monroe County Sheriff's Deputy J. Aldinger, Monroe County District Attorney Sandra Doorley, Monroe County Assistant District Attorney John Doe, Monroe County Assistant District Attorney Jane Doe (collectively, the "County Defendants"), Fausto Prattico, and Lavoro Group, Corp. (collectively, the "Prattico Defendants"). ECF No. 1-2. Defendants removed the case to this Court. ECF No. 1.

Defendants moved to dismiss the Complaint. ECF Nos. 3, 12. In response, Plaintiff filed a motion for leave to amend, ECF No. 18, which Defendants oppose, ECF Nos. 21, 22.

For the reasons that follow, Plaintiff's motion to amend is GRANTED IN PART and DENIED IN PART and Defendants' motions to dismiss are DENIED AS MOOT.

## BACKGROUND

The Court draws the following facts from the Proposed Amended Complaint (the "Amended Complaint"), ECF No. 18-2, and accepts them as true to evaluate whether amendment would be futile. *Case v. Anderson*, No. 16 CIV. 983 (NSR), 2017 WL 3701863, at *6 (S.D.N.Y. Aug. 25, 2017) ("The central inquiry for the Court when considering a motion to dismiss in tandem

1

with a motion to amend is, therefore, whether the proposed amended complaint can survive the motion to dismiss.").

Plaintiff alleges that in August 2016, Plaintiff and the Prattico Defendants, began a business relationship in which Plaintiff sold Medicare insurance products pursuant to contracts he secured with companies providing those Medicare insurance products. ECF No. 18-2 ¶ 18. Throughout the business relationship, the Prattico Defendants failed to make certain payments—including sales commissions—to Plaintiff. *Id.* ¶ 19. Plaintiff complained and, eventually, the business relationship fell apart. *Id.* ¶¶ 20-21.

Upon the breakdown of the business relationship, Prattico demanded that Plaintiff return all client files in his possession. *Id.* ¶ 22. Plaintiff alleges upon information and belief that, on January 21, 2019, the Monroe County Sheriff's Department was contacted to respond to 225 Tech Park Drive in Henrietta, New York regarding the client files dispute. *Id.* ¶ 23. Deputy Aldinger and another deputy responded, whereupon Prattico informed the deputies that Plaintiff retained client files that did not belong to him. *Id.* ¶ 25. Deputy Aldinger contacted Monroe County Assistant District Attorney Vandellon, who informed Deputy Aldinger that the incident was a civil matter and that no criminal charges would be brought. *Id.* ¶¶ 25-27.

On January 26, 2019, Deputy Aldinger met with Plaintiff to facilitate the return of files that allegedly belonged to Defendants. *Id.* ¶ 28. However, thereafter, Prattico called Deputy Aldinger to report that Plaintiff had not returned all of the files. *Id.* ¶ 29. In response, Deputy Aldinger contacted Plaintiff, who informed Deputy Aldinger that he had indeed returned all of the files. *Id.* ¶ 30.

Still, Prattico continued to complain to the Sheriff's Office, and, on February 1, 2019, Prattico met again with Deputy Aldinger. *Id.* ¶ 31. Prattico maintained that Plaintiff still retained

client files belonging to the Prattico Defendants but he was not able to identify any specific withheld files. *Id.* ¶ 32. Thereafter, Prattico repeatedly contacted the Monroe County District Attorney's Office in an effort to persuade unknown Assistant District Attorneys to charge Plaintiff. *Id.* ¶ 35. Although the District Attorney's Office and the Sheriff's Department previously declined to pursue charges, at some time between January 31, 2019 and February 6, 2019, Plaintiff alleges upon information and belief that District Attorney Sandra Doorley and/or Monroe County Sheriff Todd Baxter directed Deputy Aldinger to arrest Plaintiff. *Id.* ¶¶ 37-38.

On February 6, 2019, Plaintiff was taken into custody and processed at the Monroe County Sheriff's Office and issued an appearance ticket for one count of Petit Larceny in violation of New York Penal Law § 155.25. He was ordered to appear in Henrietta Town Court on February 19, 2019. *Id.* ¶ 39. Plaintiff appeared with counsel in Henrietta Town Court on March 14, 2019 and was granted a six-month adjournment in contemplation of dismissal ("ACD"). *Id.* ¶ 40. The criminal action was dismissed against Plaintiff upon the expiration of the ACD on September 14, 2019. *Id.* ¶ 41.

## DISCUSSION

### I. Legal Standard on Motion to Dismiss and Motion to Amend

Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief can be granted and Plaintiff responds by moving to amend the complaint pursuant to Rule 15. In deciding a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007) (quoting another source), and "draw all reasonable inferences in Plaintiff's favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a

claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"Rule 15(a)(2) instructs that a court 'should freely give leave [to amend] when justice so requires.'" *Willis v. Rochester Police Dep't*, No. 15-CV-6284-FPG, 2018 WL 4637378, at *2 (W.D.N.Y. Sept. 27, 2018) (quoting *Grullon v. City of New Haven*, 720 F.3d 133, 139-40 (2d Cir. 2013)).  A court may, however, deny leave to amend where such amendment would be "futile." *Id.*  Amendment is futile if the proposed claim "could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002).

"When—as in this case—a motion to amend is filed in response to a pending motion to dismiss, 'a court has a variety of ways in which' to proceed, 'from denying the motion [to dismiss] as moot to considering the merits of the motion [to dismiss] in light of the [proposed] amended complaint.'" *Willis*, 2018 WL 4637378, at *2 (quoting *Conforti v. Sunbelt Rentals, Inc.*, 201 F. Supp. 3d 278, 291 (E.D.N.Y. 2016)).  Here, the Court elects to deny the motions to dismiss as moot and address the motion to amend the complaint.

**II.     The Amended Complaint Fails to State a Claim Against the County**

The Amended Complaint appears to collapse multiple legal claims into one, making it difficult for the Court to parse which claims are asserted against whom.  For example, the "First Cause of Action," which is not titled, includes allegations sounding in false arrest, malicious prosecution, and abuse of process.  But the "Second Cause of Action" is titled "Abuse of Process"

and only presents factual allegations regarding that specific claim. Moreover, the Amended Complaint does not indicate which claims Plaintiff asserts pursuant to § 1983 and which he asserts pursuant to state or common law. This distinction matters, not just because of the different statutes of limitations, but also because it provides a framework to the Court regarding which defendants—such as the County—can be held liable for which actions. As a result, it is exceedingly difficult to evaluate the futility of the Amended Complaint. Therefore, the Court construes the Amended Complaint as asserting two claims against all Defendants: (1) a claim for malicious prosecution and (2) a claim for abuse of process. Plaintiff may seek leave to amend in the future to assert claims not sufficiently articulated in the Amended Complaint.

However, at this juncture, the claims against the County cannot proceed. Plaintiff acknowledges that the County cannot be held liable for claims pursuant to § 1983 under a theory of *respondeat superior*, but also argues that the County *can* be held liable for state law claims under a theory of *respondeat superior*. ECF No. 6 at 8. Yet, Plaintiff does not specify whether the claims against the County derive from § 1983, state law, or both. Even more confusing, Plaintiff then attempts to assert a *Monell* claim against the County for failure to train and supervise employees and failure to adequately implement and enforce polices, ECF No. 18-2 at 11, but again, Plaintiff does not provide any facts to support such a claim. Therefore, as currently drafted, the Amended Complaint fails to state a claim against the County. The Court proceeds to address the remaining claims against the remaining Defendants.

### III.    Malicious Prosecution

To establish a malicious prosecution claim under § 1983, "the plaintiff must show (1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, and (4)

5

that the prosecution was terminated in the plaintiff's favor." *Wiggins v. Buffalo Police Dep't*, 320 F. Supp. 2d 53, 57 (W.D.N.Y. 2004).

### A. Prattico and Lavoro Group, Corp.

In opposition to Prattico and Lavoro Group's motion to dismiss, and in support of Plaintiff's motion to amend, Plaintiff "abandon[ed] his claims based on malicious prosecution against the Prattico Defendants based on his underlying criminal prosecution terminating with an adjournment in contemplation of dismissal." ECF No. 18-3, at 4 n.1. However, the Amended Complaint includes allegations against the Prattico Defendants in the section regarding the malicious prosecution claim, despite that the additions seem directed at the abuse of process claim. ECF No. 18-2 ¶¶ 55-56. Accordingly, the allegations in the First Claim against the Prattico Defendants regarding malicious prosecution dismissed and shall be stricken from the Amended Complaint.

### B. Deputy Aldinger and Deputies John and Jane Doe

Deputy Aldinger and ADAs John and Jane Doe acknowledged that Plaintiff had sufficiently pled a malicious prosecution claim against them. ECF No. 21 at 2 ("No relief was sought on behalf of Deputy Aldinger, the Monroe County Sheriff's Deputy who effectuated Plaintiff's arrest. Further, in the course of motion practice, the County Defendants acknowledged that Plaintiff had sufficiently pled a claim of malicious prosecution against the as-of-yet unknown ADA John or Jane Doe, whom Plaintiff alleges directed Deputy Aldinger to arrest Plaintiff."). Accordingly, the malicious prosecution claim in the Amended Complaint against Deputy Aldinger and Deputies John and Jane Doe may proceed.[1]

---

[1] Before the County Defendants acknowledged that Plaintiff stated a malicious prosecution claim with respect to Deputy Aldinger and ADAs John and Jane Doe, the County Defendants argued that the ADAs were absolutely immune from suit. ECF No. 3-1 at 9. Even, where, as here, "a prosecutor supervises, conducts, or assists in the investigation of a crime, or gives advice as to the existence of probable cause to make a warrantless arrest—that is, when he performs

### C. Sheriff Baxter and DA Doorley

In the Amended Complaint, Plaintiff alleges upon information and belief that, between the end of January and February 6, 2019, District Attorney Sandra Doorley and Sheriff Todd Baxter directed the Sheriff's Department to arrest Plaintiff. ECF No. 18-2 at ¶¶ 37, 44, 52, 53. The County Defendants argue that these allegations, based on information and belief and without additional facts, are insufficient to support Plaintiff's claim against DA Doorley and Sheriff Baxter. ECF No. 21 at 7. Although it is a close question, the Court disagrees with the County Defendants.

"When a plaintiff sets out allegations on information and belief, he is representing that he has a good-faith reason for believing what he is saying, but acknowledging that his allegations are based on secondhand information that [he] believes to be true." *Barrett v. Forest Labs., Inc.*, 39 F. Supp. 3d 407, 431-32 (S.D.N.Y. 2014) (quoting another source). The Second Circuit has explained that the *Twombly* plausibility standard "does not prevent a plaintiff from pleading facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010). "[A]lthough a plaintiff may do so [plead facts upon information and belief] where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible, such allegations must be accompanied by a statement of the facts upon which the belief is founded." *See JBCHoldings NY, LLC v. Pakter,* 931 F. Supp. 2d 514, 527 (S.D.N.Y. 2013) (quotation marks omitted).

---

functions normally associated with a police investigation—he loses his absolute protection from liability." *Carbajal v. Cty. of Nassau*, 271 F. Supp. 2d 415, 421 (E.D.N.Y. 2003) (quoting another source); *see Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) ("For example, prosecutors are not entitled to absolute immunity for the act of giving legal advice to the police in the investigative phase of a criminal case.").

Although the Court is skeptical of Plaintiff's inability to allege any additional facts regarding his allegation—assumed to be true at this stage—that DA Doorley and Sheriff Baxter directed his arrest, it is at least plausible that such an arrest would be effectuated at the direction of the heads of those organizations. Discovery will ferret out whether there are any facts to support these specific allegations and, if not, the Amended Complaint can be disposed of on summary judgment after minimal discovery. Accordingly, Plaintiff's motion to amend with respect to DA Doorley and Sheriff Baxter is granted.

## IV. Abuse of Process

Finally, Defendants assert that Plaintiff's abuse of process claim is futile because it runs afoul of the statute of limitations. The Court agrees in part.

To assert a claim of malicious abuse of process under § 1983 and state law, Plaintiff must plausibly allege that Defendants "(1) employ[ed] regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse [or] justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Peter L. Hoffman, Lotte, LLC v. Town of Southampton*, 523 F. App'x 770, 771 (2d Cir. 2013). But again, Plaintiff does not make clear which claims he is asserting against whom and pursuant to which theories.

### A. New York State Law

Although the Amended Complaint does not make this clear, Plaintiff confirms in support of his motion to amend that the abuse of process claim against the Prattico Defendants arises under state law and is therefore subject to a one-year statute of limitations. ECF No. 18-3 ("As the Prattico Defendants correctly represent, abuse of process is an intentional tort and that such claims are governed by the one-year statute of limitations set forth in CPLR § 215.").

The question then becomes when did the state law claim for abuse of process in this case accrue?  The Prattico Defendants assert that the claim accrued upon Plaintiff's arrest in February 2019 or as late as March 14, 2019 when he was granted an ACD.  Plaintiff, on the other hand, asserts that the claim accrued only upon the final dismissal of the action in September 2019, when the ACD expired.

Unlike malicious prosecution, "a favorable termination is not an element of the abuse of process claim," meaning that an abuse of process claim "accrues at such time as the criminal process is set in motion, unless the plaintiff is unaware, through no fault of his own, of facts supporting the claim, in which the cause of action accrues upon discovery." *Pinter v. City of New York*, 976 F. Supp. 2d 539, 570 (S.D.N.Y. 2013).  Citing several cases, Plaintiff argues that this is a misstatement of the law.  But in *Azur v. City of New York*, No. 13-CV-5980, 2015 WL 4635692 (S.D.N.Y. Aug. 3, 2015), the Southern District of New York addressed a similar case.  Like here, the plaintiff received an ACD and argued that the abuse of process claim did not accrue until the case was dismissed upon expiration of the period provided in the ACD.  The Court held, however, that "despite the formal dismissal date, Plaintiff suffered no injury after [the date of his arrest], upon which . . . a malicious abuse of process . . . claim could plausibly be based." *Id.* at *4.

The Court agrees with the *Azur* court.  Here, Plaintiff alleges that the fact giving rise to the abuse of process claim occurred in February or March of 2019.  In other words, Plaintiff suffered an injury when he was charged or, at the very latest, when he received the ACD in March 2019.  But he does not allege that Defendants used any type of legal process against him after the judge entered an ACD.  Therefore, Plaintiff's state law claims for malicious abuse of process expired, at the latest, in March 2020, prior to Plaintiff's filing of the Complaint in June 2020.

9

**B.     Section 1983**

Plaintiff's claims for abuse of process under 42 U.S.C. § 1983 do not suffer the same fate as the state law claims because a federal abuse of process claim is governed by a three-year statue of limitations. *Douglas v. New York State Adirondack Park Agency*, 895 F. Supp. 2d 321, 367 (N.D.N.Y. 2012), *on reconsideration in part*, No. 8:10-CV-0299 GTS/RFT, 2012 WL 5364344 (N.D.N.Y. Oct. 30, 2012).

Still, the County Defendants again assert that the Amended Complaint does not state a claim with respect to DA Doorley and Sheriff Baxter because it does not specifically allege facts regarding their involvement in Plaintiff's arrest. ECF No. 21 at 6-8. But for the same reasons stated above with respect to malicious prosecution, the Court finds that the abuse of process allegations against DA Doorley and Sheriff Baxter are sufficient for purposes of amendment.

In their motion to dismiss the original Complaint, the County Defendants asserted several additional arguments in support of dismissing the malicious prosecution and abuse of process claims. For example, the County Defendants argued that an ACD does not qualify as a "termination favorable to plaintiff," an element required to support a malicious prosecution claim. ECF No. 3-1 at 10-11. They also argued that Plaintiff had only pled a "malicious motive" for his arrest, rather than a "collateral objective that is outside the legitimate ends of the process," an element required to support a malicious abuse of process claim. ECF No. 3-1 at 11-12. However, the County Defendants fail to raise any of these arguments in opposing the motion to amend, giving rise to the appearance that Plaintiff corrected the defects in the Amended Complaint. In addition, the County Defendants have acknowledged that Plaintiff sufficiently pled malicious prosecution and abuse of process claims against Deputy Aldinger and ADAs John or Jane Doe, undermining their previous assertion that the same claims against the same defendants failed to state a claim.

Accordingly, the Court will not address the arguments the County Defendants' raised in their motion to dismiss but abandoned in their opposition to the motion to amend.

## CONCLUSION

Defendants' motions to dismiss the complaint, ECF Nos. 3, 12, are DENIED AS MOOT. Plaintiff's motion to amend, ECF No. 18, is GRANTED IN PART and DENIED IN PART.

The Amended Complaint is now the operative pleading but only the following claims, as articulated in the Amended Complaint, may proceed: (1) malicious prosecution claims against Sheriff Baxter, ADA Aldinger, DA Doorley, and ADAs John and Jane Doe and (2) abuse of process claims pursuant to § 1983 against Sheriff Baxter, ADA Aldinger, DA Doorley, and ADAs John and Jane Doe. The County of Monroe, Fausto Prattico, and Lavoro Group, Corp. are terminated from the action.

Plaintiff is directed to file the Amended Complaint to reflect this Order, clarify which claims are being asserted against which defendants and under which theory, and serve the Amended Complaint on the remaining Defendants. The Clerk's Office is directed to amend the case caption in accordance with this Decision and Order.

IT IS SO ORDERED.

Dated: May 21, 2021
      Rochester, New York

                                        HON. FRANK P. GERACI, JR.
                                        Chief Judge
                                        United States District Court